ZEBULON MACK vs. JAMES H. NICHOLS.

A. seized and sold property on an execution in his favor against B.—C. su-
ed A. for the same, and while his suit was pending, agreed with A. to discon-
tinue it, and release his claim. The suit was discontinued, but afterwards C.
commenced another suit against A., and recovered the value of said property.
Whereupon, A. sued C. upon his said agreement for a discontinuance and re-
lease, and recovered back of C. the same amount which C. had recovered of
him. Upon a *scire facias* brought by A, for an *alias* execution against B., on
the ground of a failure of title in the property sold as aforesaid. *Held*, that the
plaintiff was entitled to recover.

This was a *scire facias* brought to obtain an execution
against the defendant, on the ground that the property
which was seized and sold on the original execution be-
longed to another. The defendant interposed two pleas
in bar, the substance of which is sufficiently set forth in
the argument of counsel, and decision of the Court for a
full understanding of the case. The plaintiff demurred
generally. In the County Court the demurrer prevailed,
and the case comes to this Court by an appeal entered by
the defendant.

*Argument for defendant.*—The question presented by these
pleadings, is whether the facts set forth in the defendant's
plea, show " sufficient cause why an *alias* execution should
not issue against" the defendant.

The present action is *scire facias*, to obtain an *alias* exe-
cution against the defendant, because the property sold on
the original execution proved to belong to one Jonathan
Snyder, and not to the defendant. It is admitted by the
pleadings, that a yoke of steers were sold on the original
execution, as the property of Nichols ; that Snyder after-
wards brought a suit against Mack and the officer for the
same steers, and recovered in damages and cost $98,20 ;
and that afterwards the plaintiff, in a suit against Snyder,
on an alleged contract " that in consideration that the said
Zebulon would agree that a suit" then pending in Chitten-
den County Court between Snyder & Mack for the steers,
" should be discontinued, the said Jonathan agreed that
said Mack should be released from all and every claim for
said steers," recovered a judgement against Snyder for
$98,20, being the amount of the damages and cost which
Snyder had before recovered against Mack and the officer ;

CHITTENDEN,
January,
1831.

Mack
vs.
Nichols.

and that Snyder had paid the amount of said judgement, and that Mack still retains it.

A *scire facias* is a judicial writ, in the nature of an appeal to the equitable jurisdiction of the Court for relief, and issues to bring under its review, cases in which the *regular* process of the law is suspended, or rendered incompetent to enforce a subsisting judgement. The statute does not prescribe to the defendant specific technical defences, but leaves him at liberty to show any " sufficient cause" why the plaintiff should not recover; and the defendant contends, that when the facts shown, do demonstrate that the further enforcement of the prior judgement would be grossly iniquitous in the plaintiff, " sufficient cause" is shown, and the Court are at liberty to arrest its operation. Now it clearly appears that the plaintiff's action against Snyder was to recover back the amount of Snyder's judgement against him and the officer. Snyder paid that judgement, and has ever since acquiesced in it. Nor is it now in the power of Snyder to wrest this money from the *plaintiff*, by *Audita Querela* which does not lie to set aside an execution and judgement extinguished by payment; or by writ of error, which is prohibited, or by any other process known to the law. He obtained *payment* of his execution against Nichols, and he cannot prosecute further his claim against the defendant, in analogy to the common principle that a voluntary payment by A. of B's debt to C., without the knowledge or consent of B., extinguishes C's right of action.

Should it be objected that defendant cannot avail himself of the plaintiff's judgement against Snyder, on the ground that it is *res inter alios actæ*—between other parties—the reply is, that it is not pleaded as an estoppel, or in bar, but as a fact (among other facts) tending to show the substantial satisfaction of the plaintiff's judgement against the defendant. The mere *recovery* of that judgement would not, it is true, relieve the defendant from his liability; but the *payment* of it, would, *if done under such circumstances as to be conclusive on Snyder;* and the judgement against the latter, is stated in the plea merely as an inducement to the main and material fact of payment; and as necessary, to show in an historical order, that the money recovered and paid in that suit, was in fact the same

26

CHITTENDEN,
January,
1831.

Mack
vs.
Nichols.

money claimed to be recovered in this. Nor can the plaintiff contend that his judgement against Snyder, and the iniquitous means by which it was obtained—as admitted by the demurrer—are matters between himself and Snyder exclusively. On any just construction of Snyder's acquiescence, it accrues to the benefit of the innocent instead of the guilty; and law and justice, it is hoped, are seldom divorced.

On the whole then, the plaintiff has sold property on his original execution against defendant, and received full satisfaction of it. That satisfaction, though taken from him for a moment, by Snyder, was immediately replaced, and is now in his pocket. This is all admitted by the demurrer. Can he collect it again? In a case of gross and extreme injustice like the present, difficulties merely technical—and such may be anticipated from the ingenuity that framed the declaration against Snyder—will be obviated by Lord Audley's case. He could not be convicted without the testimony of his own wife. The Court received it, and his Lordship was convicted.

The opinion of the Court was pronounced by

PADDOCK, J.—This action was brought into this Court by an appeal from the decision of the County Court, upon a demurrer to two pleas in bar, pleaded by the defendant.

The plaintiff has set forth in his declaration, that on the 30th day of January, 1823, he recovered a judgement against the defendant, for $18,04 damages, and $2,30 costs, upon which a writ of execution issued, and was put into the hands of Henry Noble, a Deputy Sheriff, who, on the 12th day of March, 1821, levied the same on a pair of steers, supposing them to be the property of Nichols, but afterwards proved to be the property of one Jonathan Snyder; and that Snyder afterwards commenced his action against *Mack & Noble*, and recovered of them the value of them, which Mack afterwards paid; concluding with a prayer that the said Nichols may be required to shew cause why an execution should not issue against him for the amount of the first judgment.

To this prayer, the defendant interposes two pleas in bar; *first*, acknowledging the recovery of the judgement,

CHITTENDEN,
January,
1831.

Mack
vs.
Nichols.

the levy of the execution upon the steers and subsequent recovery for them by Jonathan Snyder against Mack & Noble; yet that the said Mack afterwards sued the said Snyder, and recovered back the same sum, to wit, $98,20, which the said Snyder had before that time recovered of Mack & Noble, and had collected the same, and that he still retains the $15 for which the steers were sold. In the second plea in bar, the defendant details the facts more particularly which transpired between *Mack & Snyder*, and says that on the 14th day of August, 1827, Mack prayed out his writ against Snyder, returnable before Justice B., on the 24th of August, 1827, at 9 o'clock, A. M., *counting upon a promise made by Snyder in 1823, (and during the pending of Snyder's suit against Mack & Noble for the value of the cattle in Chittenden County Court) that in consideration Mack would agree to discontinue said suit and claim no costs, Snyder would release him from all claim for taking the steers, and that in pursuance of the agreement, the suit was discontinued; nevertheless, Snyder afterwards sued Mack & Noble again, and recovered for the steers,* which writ was served on Snyder by Hiram Sanford, who informed Snyder that the hour set for trial was 1 o'clock, P. M., instead of 9 A. M.; by means of which, Snyder was defaulted, and judgement rendered against him for $98,20 damage, and $1,63 costs, and had paid off the same, being the amount of debt and costs which Snyder before that time had collected of Mack & Noble. There being a general demurrer to these pleas, the question is presented whether they form a sufficient bar. It appears that in the second suit brought by Snyder against Mack & Noble, the steers were adjudged to be the property of Snyder, and he recovered judgement for them, which was paid off by Mack, and this judgement has never been reversed. It then remains established, that the steers were the property of Snyder, and not of Nichols.—If so, it follows that Mack in justice ought to retain the $15, as against this defendant, having had to pay it over with the addition of costs to Snyder for seising and selling the steers, which brought the sum into his possession. As to the subsequent suit which Mack brought against Snyder upon his promise to discontinue the first suit against him, in the County Court, and relinquish his claim for the

CHITTENDEN, January, 1831.

Mack vs. Nichols.

steers, the Court do not see that this defendant had any interest in it, or that the relation of debtor and creditor, that then subsisted between this plaintiff and defendant could be altered or changed by the event of that suit, any more than it would, had the subject matter of it been foreign to that controversy. Therefore, the plaintiff has a right to sustain this *scire facias*, and nothing set forth in the pleas ought to bar him; and the judgement of the County Court is affirmed.

     *Ch. Adams*, for plaintiff.

     *Briggs*, for defendant.